ORIGINAL

Priority ✓
Send ✓
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —



FILED
CLERK, U.S. DISTRICT COURT

JUL 1 2 2006

CENTRAL DISTRICT OF CALIFORNIA
BY ✓                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DUSA PHARMACEUTICALS, INC.,            )      CASE NO. CV 06-4310 SJO (CTx)
                                       )
                    Plaintiff(s),      )
                                       )
                                       )      **INITIAL STANDING ORDER FOR CASES**
                                       )      **ASSIGNED TO JUDGE S. JAMES OTERO**
                                       )
            v.                         )
                                       )
JULIAN OMIDI, M.D., ET AL, ,           )
                                       )
                                       )
                    Defendant(s).      )

DOCKETED ON CM

JUL 1 7 2006

005

**READ THIS ORDER CAREFULLY.**

**IT CONTROLS THIS CASE AND**

**DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

• Counsel for plaintiff(s) shall immediately serve this order on all defendants and/or their counsel along with the summons and complaint.

• If this case was assigned to this court after being removed from state court, the defendants who removed the case shall serve this order on all other parties.

This case has been assigned to the calendar of Judge S. James Otero. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered

4

Revised: November 16, 2005

to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

In an effort to provide further guidance to the parties, the court notes the following:

1.  **Court Hours**: Civil motions are heard on Monday at 10:00 a.m., unless the court orders otherwise. (If Monday is a holiday, the next motion date is Tuesday following the Monday holiday.) It is not necessary to clear a motion date.

2.  **Location**: Judge Otero's courtroom is located in Room 1600, United States District Court, 312 North Spring Street, 16th Floor, Los Angeles, California 90012.

3.  **Telephone Inquiries**: Telephone inquiries regarding the status of a motion, stipulation or proposed order are not returned. However, counsel may sign-up for Pacer access to monitor the clerk's database. See www.cacd.uscourts.gov > General Information > Pacer Access.

Counsel are referred to the clerk's website at www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon. S. James Otero for further information regarding the court's preferences.

4.  **Service of Pleadings**: Plaintiff must promptly serve the complaint and file proof(s) of service pursuant to Local Rule 5-3.1. The court may dismiss the action prior to 120 days if plaintiff has not diligently prosecuted the action.

5.  **Assignment to a Magistrate Judge**: Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form.

6.  **Temporary Restraining Orders and Injunctions**: Parties seeking emergency or provisional relief shall comply with Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.

7.  **Courtesy Copies**: Courtesy copies are not required. However, a conformed courtesy copy of an opposition, reply, *ex parte* document, or notice of settlement/dismissal may be placed in the drop-box outside the courtroom on the 16th floor. All original filings are to be

1  filed at the filing window (Clerk's Office, Room G-19), NOT in chambers and NOT in the

2  courtroom.

3  8.  **Communications with Chambers**:  If counsel is requesting information that can be

4  obtained from the court's 24-hour automated calling system or internet website at

5  www.cacd.uscourts.gov, such call will not be returned.  For the 24-hour automated calling

6  system, please call the appropriate number below:

7  Western Division at Los Angeles (213) 894-1565;

8  Eastern Division at Riverside (909) 328-4450; or

9  Southern Division at Santa Ana (714) 338-4750.

10  Counsel may access the court's website for local rules, filing procedures, judges'

11  procedures and schedules, calendars, forms, and other court information.  Counsel are not

12  to initiate telephone calls to Judge Otero's chambers, law clerks or secretary.  However,

13  if counsel need to contact the Courtroom Deputy Clerk, Victor Cruz, Mr. Cruz may be

14  reached at (213) 894-1796 or via e-mail at victor_cruz@cacd.uscourts.gov.

15  9.  **Calendar Conflicts**:  If there is a calendar conflict, counsel are to inform the Courtroom

16  Deputy Clerk prior to the date of the conflict and are to follow the Local Rules and Federal

17  Rules of Procedure.

18  10.  **Discovery Motions**:  Discovery motions and applications for discovery protective orders

19  must be scheduled before the Magistrate Judge assigned to the case.  (The Magistrate

20  Judge's initials, followed by a small "x," are in the parenthetical in the case number.)

21  11.  **Transcripts**:  To order a transcript, counsel are to call the court reporter's office at (213)

22  894-3015.

23  12.  **Motions to Reconsider**:  Local Rule 7-18 is strictly enforced.

24  13.  **Actions Invoking Subject Matter Jurisdiction Based on Diversity Pursuant to 28**

25  **U.S.C. § 1332**:  The Ninth Circuit determines a corporation's principal place of business

26  by examining the entity's "total activities," taking into account all aspects of the

27  corporation's business, including where its operations are located, where it supervises that

28  business and where it employs persons and conducts its business.  *See Industrial*

1  *Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place

2  of business should be the place where the corporation conducts the most activity that is

3  visible and impacts the public, so that it is least likely to suffer from prejudice against

4  outsiders.). In determining a corporate party's principal place of business, this Court shall

5  look at the following factors: (1) the location of the majority of the corporation's employees;

6  (2) the location of the majority of the corporation's tangible properties; (3) the location of

7  the majority of the corporation's production activities; (4) the location where most of the

8  corporation's income is earned; (5) the location where most of the corporation's purchases

9  are made; and (6) the location where most of the corporation's sales take place. *See*

10 *Industrial Tectonics,* 912 F.2d at 1094; *see also, John Birch Society v. Nat'l Broadcasting*

11 *Co.,* 377 F.2d 194, 197 (2d Cir. 1967) ("diversity of citizenship must be apparent from the

12 pleadings"); *Simmons v. Rosenberg,* 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (diversity

13 jurisdiction must be alleged with detail and certainty). Accordingly, parties invoking subject

14 matter jurisdiction based on diversity must state in their Complaint or Notice of Removal

15 sufficient facts demonstrating that this Court may properly exercise subject matter

16 jurisdiction. Parties must file an Amended Complaint or Notice of Removal within **fifteen**

17 **(15) days from the date this action is assigned to Judge Otero** if there is a doubt as to

18 whether they have met the requirements of *Industrial Tectonics.* Failure to comply with this

19 order may result in dismissal of the Complaint without prejudice or remanding the action

20 to the state court, whichever is applicable.

21 14.   **Timing of Motions**:  Pursuant to Local Rules 6-1, 7-9 and 7-10, when filing any motion,

22      parties are to give notice as follows:

23      a.   If mailed, the notice of motion shall be served and filed not later than twenty-four

24           (24) days before the motion day designated in the notice.

25      b.   If served personally, the notice of motion shall be served and filed not later than

26           twenty-one (21) days before the motion day designated in the notice.

27      c.   Each opposing party shall, not later than ten (10) days after service of the motion

28           in the instance of a new trial motion and not later than fourteen (14) days before the

1    date designated for the hearing of the motion in all other instances, serve upon all

2    other parties and file with the clerk either (1) the evidence upon which the opposing

3    party will rely in opposition to the motion and a brief but complete memorandum

4    which shall contain a statement of all the reasons in opposition thereto and the

5    points and authorities upon which the opposing party will rely, or (2) a written

6    statement of non-opposition.

7    d.    The moving party may file a reply within seven (7) calendar days prior to the

8    designated hearing date of the motion.  Absent prior written order of the court, the

9    opposing party shall not file a response to the reply.

10   **15.    Scheduling Conference**:  This court holds a scheduling conference as soon as

11   practicable and not later than 180 days from the filing of the initial complaint.

12   Counsel shall timely comply with Rule 26(f) of the Federal Rules of Civil Procedure

13   and file a Joint Rule 26(f) Report within ten (10) days after the meeting.  The parties'

14   Report shall, in addition to addressing the matters specified in Rule 26(f), set forth their

15   views regarding:  (1) a cutoff date for the completion of discovery and the hearing of

16   motions, a date for the final pretrial conference and a trial date; (2) whether discovery

17   should be conducted in phases or otherwise ordered or limited; (3) an estimate of the

18   length of trial; (4) efforts made to settle or resolve the case to date, and the parties' plans

19   for maximizing settlement prospects; (5) whether the case is complex or requires a

20   reference to the procedures set forth in the Manual on Complex Litigation; (6) the likelihood

21   of the appearance of additional parties; (7) dispositive or partially dispositive motions the

22   parties are likely to file; (8) any unusual legal issues presented by the case; and

23   (9) proposals regarding severance, bifurcation or other ordering of proof. **The court does**

24   **not hold telephonic conferences**.

25   **16.    Discovery and Discovery Cutoff**:

26   a.    <u>Non-Expert Discovery</u>: All expert / non-expert discovery shall be completed by the

27   discovery cutoff set by the court.  This is not the date by which discovery requests

28   must be served; it is the date by which all discovery is to be completed.  Any motion

1  challenging the adequacy of discovery responses must be filed, served and

2  calendared sufficiently in advance of the discovery cutoff date to permit the

3  responses to be obtained before that date, if the motion is granted.  In an effort to

4  provide further guidance to the parties, the court notes the following:

5  b.    Non-Expert Depositions: All depositions shall commence sufficiently in advance of

6        the discovery cutoff date to permit their completion and to permit the deposing party

7        enough time to bring any discovery motions concerning the deposition prior to the

8        cutoff date.  Given the requirements of notice and "meet and confer," this means

9        that in most cases a planned motion to compel must be discussed with opposing

10       counsel approximately six weeks before the cutoff.

11 c.    Written Discovery: All interrogatories, requests for production of documents, and

12       requests for admissions must be served sufficiently in advance of the discovery

13       cutoff date to permit the discovering party enough time to challenge (via motion

14       practice) responses deemed to be deficient.

15 d.    Discovery Motions:  Parties are expected to resolve discovery disputes among

16       themselves in a courteous, reasonable and professional manner.    Absent

17       resolution, the Magistrate Judge assigned to the case will rule on discovery motions.

18       The court requires compliance with Local Rule 37-1 through 37-4 in the preparation

19       and filing of discovery motions.  Any review of a Magistrate Judge's discovery order

20       must proceed by way of noticed motion under Local Rule 7-3.  In accordance with

21       28 U.S.C. § 636(b)(1)(A), the court will not reverse any such order, including one

22       imposing sanctions, unless the moving party demonstrates that the Magistrate

23       Judge's order "is clearly erroneous or contrary to law."

24 e.    Expert Discovery:  The parties shall meet and confer and agree upon expert

25       disclosure dates as required by Rule 26(2) of the Federal Rules of Civil Procedure.

26       All disclosures must be made in writing.  The parties should commence expert

27       discovery shortly after the initial designation of experts, because the final pretrial

28

1     conference and trial dates will not be continued merely because expert discovery

2     is still underway.

3     **17.    Motions and Motion Cutoff Date**:  Civil motions are heard on Monday at 10:00 a.m.,

4     unless the court orders otherwise. (If Monday is a holiday, the next motion date is Tuesday

5     following the Monday holiday.)

6          a.     **Meet and Confer Requirement under Local Rule 7-3:**  Pursuant to Local Rule 7-

7                 3, the parties must "discuss *thoroughly*, preferably in person, the *substance* of the

8                 contemplated motion *and any potential resolution*."  Local Rule 7-3.  The court

9                 construes Local Rule 7-3's requirements strictly.   Half-hearted attempts at

10                compliance with this rule will not satisfy counsel's obligation.  It requires parties to

11                <u>discuss</u> the substantive grounds for the motion, in order to attempt to reach an

12                accord that would eliminate the need for the motion. The court strongly emphasizes

13                that under Local Rule 7-3, discussions of the substance of contemplated motions

14                are to take place, if at all possible, <u>in person</u>.  It is only in exceptional cases that a

15                telephonic conference will be allowed.  All motions shall include a declaration by

16                counsel briefly describing the parties' discussion and attempt to eliminate the need

17                for the motion.  Matters filed not complying with Local Rule 7-3 will be denied.

18         b.     All motions, oppositions, and replies shall be filed at the filing window (Clerk's

19                Office, Room G-19).  If mailing a civil filing, direct documents to:  Filing Window,

20                Civil Section, Clerk's Office, Room G-19, 312 North Spring Street, Los Angeles,

21                California 90012.

22         c.     All law and motion matters, except for motions *in limine*, must be set for hearing (not

23                filing) by the motion hearing cutoff date ordered by the court.   Issues left

24                undetermined after passage of the motion cutoff date should be listed as issues for

25                trial in the final pretrial conference order. As an exception to the above, motions *in*

26                *limine* dealing with evidentiary matters will be heard (at the court's discretion) at the

27                start of trial; however, the court will not hear or resolve summary judgment motions

28                disguised as motions *in limine*.

d.    The applicable Local Rules are Rules 7-1, *et seq*. If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion, in accordance with Local Rule 7-16. Failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion. Local Rule 7-12. The court will not decide late-filed motions, and a party or counsel who files such late papers may be subject to sanctions under Local Rule 7-13. Reply papers shall be limited to argument and/or authorities responsive to the opposition papers. The court will not address new matter that was improperly introduced.

18.    **Motions - Form and Length:**  All pleadings must comply with Rule 11-1 through 11-9, except that no memorandum or points and authorities or opposition shall exceed twenty (20) pages in length, excluding indices and exhibits unless permitted by the court. No reply shall exceed five (5) pages.

a.    <u>Summary Judgment Motions</u>: Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. However, the court expects that the party moving for summary judgment will provide more than the minimum twenty-one (21) day notice for motions. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-4.

b.    <u>Statement of Undisputed Facts and Statement of Genuine Issues</u>: The separate statement of undisputed facts shall be prepared in a two-column format. The left hand column sets forth the allegedly undisputed fact. The right hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

1    The opposing party's statement of genuine issues must be in two columns
2    and track the movant's separate statement exactly as prepared. The left hand
3    column must restate the allegedly undisputed fact, and the right hand column must
4    state either that it is undisputed or disputed. The opposing party may dispute all or
5    only a portion of the statement, but if disputing only a portion, it must clearly indicate
6    what part is being disputed, followed by the opposing party's evidence controverting
7    the fact. The court will not wade through a document to determine whether a fact
8    really is in dispute. To demonstrate that a fact is disputed, the opposing party must
9    briefly state why it disputes the moving party's asserted fact, cite to the relevant
10    exhibit or other piece of evidence, and describe what it is in that exhibit or evidence
11    that refutes the asserted fact. No legal argument should be set forth in this
12    document.

13    The opposing party may submit additional material facts that bear on or
14    relate to the issues raised by the movant, which shall follow the format described
15    above for the moving party's separate statement. These additional facts shall
16    continue in sequentially numbered paragraphs and shall set forth in the right hand
17    column the evidence that supports that statement.

18    c.    Supporting Evidence: No party shall submit evidence other than the specific items
19    of evidence or testimony necessary to support or controvert a proposed statement
20    of undisputed fact. For example, entire deposition transcripts, entire sets of
21    interrogatory responses, and documents that do not specifically support or
22    controvert material in the separate statement shall not be submitted in support of
23    opposition to a motion for summary judgment. The court will not consider such
24    material.

25    Evidence submitted in support of or in opposition to a motion should be
26    submitted either by way of stipulation or as exhibits to declarations sufficient to
27    authenticate the proffered evidence, and should not be attached to the
28    memorandum of points and authorities. The court will accept counsel's

1   authentication of deposition transcripts, written discovery responses and the receipt

2   of documents in discovery if the fact that the document was in the opponent's

3   possession is of independent significance.  Documentary evidence as to which

4   there is no stipulation regarding foundation must be accompanied by the testimony,

5   either by declaration or properly authenticated deposition transcript, of a witness

6   who can establish authenticity.

7   d.    Objections to Evidence:  If a party disputes a fact based in whole or in part on an

8         evidentiary objection, the ground of the objection, as indicated above, should be

9         stated in a separate statement but not argued in that document.

10  e.    Oral Argument:  If the court deems a matter appropriate for decision without oral

11        argument, the court will notify the parties in advance.

12  f.    *Amici* Status:  Although there is no specific rule defining a federal district court's

13        authority to grant or deny leave to file an *amicus* brief, district courts have

14        traditionally been given broad discretion to appoint *amicus curiae*.  Rule 29 of the

15        Federal Rules of Appellate Procedure, although not binding authority, provides

16        guidance on this matter by requiring a petitioner show that a proposed brief is

17        permissible, helpful, and timely.

18        Interested parties shall request leave of the court before filing an *amicus*

19        brief.  Before the court accepts an *amicus* brief for filing, *amici* must show:

20        (1)    That they have a "special interest" in the case;

21        (2)    That this interest is not represented competently or at all;

22        (3)    That they present information that is both timely and useful; and

23        (4)    That they are not partial to a particular outcome of the case.

24  19.  **Applications and Stipulations for Extensions of Time to File a Required Document**

25       **or to Continue the Pretrial or Trial Date:**   No stipulations extending scheduling

26       requirements or modifying applicable rules are effective unless and until approved by the

27       court.  Applications and stipulations must set forth:

28  a.    The existing due date or hearing date;

b.   Specific, concrete reasons supporting good cause for granting the extension. A statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations (*i.e.*, Have written proposals been exchanged?  Is counsel reviewing a draft settlement agreement? Has a mediator been selected?); and

c.   Whether there have been prior requests for extensions, and whether these were granted or denied by the court.

20.   ***Ex Parte* Applications**: The court discourages *ex parte* applications.  *See Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Strict adherence to Local Rule 7-19 is necessary.

21.   **Settlement**: Local Rule 16-14.1 requires the parties to participate in one of the settlement procedures set forth in the Rule.  The settlement conference shall be concluded not later than thirty (30) days before the pretrial conference.  It is the policy of this court to hold and preside over the settlement conference in certain cases. The court has a keen interest in helping the parties achieve settlement. The court on its own motion may set a settlement conference at any time following the scheduling conference.

If the settlement conference is set before this court, the parties must comply with Local Rule 16-14.5.

22.   **Settlement Conference Procedures:**  The following procedures shall be utilized in settlement conferences held before Judge Otero.

a.   Settlement Conference Briefs:  The parties shall submit settlement conference letters to chambers in accordance with Local Rule 16-14.5(a) **five (5) days** before the conference, and shall exchange non-confidential letters with all other parties of record.  Each letter submitted by a party shall contain:  (1) a summary of the important issues and the party's position on each issue; (2) a summary regarding damages in a non-conclusory form; and (3) a summary on the course of any prior settlement negotiations. The letter shall be concise, and large numbers of exhibits shall not be appended.  Proposals for settlement and counsel's evaluation of the

11

1   case not yet communicated to opposing counsel should be included in the

2   confidential settlement letter.

3   b.   <u>Persons Present</u>:  All persons whose consent is necessary to conclude settlement

4   shall be present at the settlement conference.  Counsel are responsible for ensuring

5   that all persons and parties are present.

6   In the case of a corporate party, a person with final settlement authority must

7   be present.  If a settlement proposal must be presented to a board or committee for

8   approval, the person whose responsibility it is to make the proposal shall be the

9   person present.

10   In instances in which an insurer will pay or contribute to a settlement, a

11   claims agent with final settlement authority shall also be present.

12   c.   <u>The Conference</u>:  The court will confer with the attorneys and representatives jointly

13   and separately.  Each party shall be prepared to negotiate for as long as prospects

14   of settlement are not foreclosed, even if that means continuing past normal court

15   hours.  The court may confer with the parties in the presence of their attorneys.  If

16   settlement is reached, it will be placed on the record at the conclusion of the

17   conference.

18   **23.   Trial Preparation:**

19   **A.   Pretrial Conference and Local Rule 16 Filings**

20   (1)   <u>General Provisions</u>:  The final pretrial conference ("PTC") will be held at 9:00 a.m.

21   on the date specified by the court, unless the court expressly waives the PTC at the

22   scheduling conference.  (In the rare case where the court waives the PTC, the

23   parties must follow Local Rule 16-10.)  If adjustments in the court's calendar

24   become necessary, the court may re-calendar the PTC instead of the trial date.

25   The lead trial attorney on behalf of every party must attend both the PTC and

26   all meetings of the parties in preparation for the PTC.

27   A continuance of the PTC at the parties' request or by stipulation is unlikely.

28   Failure to complete discovery is not a ground for continuance.  If a change in the

trial date is necessitated because of the court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts, narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination or by declaration subject to cross-examination; and qualification of experts by admitted resumes. The court will also discuss settlement.

(2)   <u>Form of Final Pretrial Conference Order ("PTCO")</u>: The proposed PTCO shall be lodged seven calendar days before the PTC. Adherence to this time requirement is necessary for in-chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

i.   Place in "all caps" and in "bold" the separately numbered headings for each category in the PTCO (*e.g.*, **"1.   THE PARTIES"** or **"7.   CLAIMS AND DEFENSES OF THE PARTIES"**).

ii.   <u>Include a table of contents at the beginning</u>.

iii.   In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, *e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

iv.   In specifying the parties' claims and defenses under section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.

v.   In drafting the PTCO, the court also expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. The court will usually read the uncontested facts to the jury at the start of trial. A

1    carefully drafted and comprehensively stated stipulation of facts will reduce

2    the length of trial and increase jury understanding of the case.

3    vi.   In drafting the factual issues in dispute for the PTCO, the parties should

4        attempt to state issues in ultimate fact form, not in the form of evidentiary fact

5        issues.  The issues of fact should track the elements of a claim or defense

6        on which the jury will be required to make findings.

7    vii.  Issues of law should state legal issues on which the court will be required to

8        rule during the trial, and should not list ultimate fact issues to be submitted

9        to the trier of fact.

10   (3)  Rule 16 Filings; Memoranda; Witness Lists (Including Experts); Exhibit Lists:  The

11       parties must comply fully with the requirements of Local Rule 16.  They must file

12       carefully prepared Memoranda of Contentions of Fact and Law along with their

13       respective Witness Lists and Exhibit Lists, all in accordance with Local Rules 16-3,

14       16-4 and 16-5.  Failure to include the name of a witness may preclude a party from

15       calling that witness.  An expert witness's direct testimony shall consist of a non-

16       exhaustive description of his background and the contents of his Rule 26 report.

17   **B.   Pretrial Documents Must Be Completed and in Compliance with Local Rules**:

18       These include but are not limited to the following:

19   (1)  Real-Time Reporting Requirement:  At the PTC, each party must submit to the court

20       clerk a typed list of proper names, unusual or scientific terms, or any other

21       uncommon words that are likely to be used during the trial.

22   (2)  Witness List:

23   i.    Counsel Shall Submit a Joint Witness List Listing Each Witness.  Counsel

24        shall identify witnesses who will actually testify at trial.

25   ii.   Trial Witness Estimate:  The witness list and summary must give accurate

26        time estimates for each witness to conduct direct, cross, re-direct and re-

27        cross.  Counsel shall include a summary of the testimony of each witness.

28        If more than one witness is offered on the same subject matter, the witness

14

1   summary should be sufficiently detailed to allow the court to determine if the

2   testimony is cumulative.

3   (3)   Joint Exhibit List:  All parties shall file a joint list of exhibits concurrently with the

4   Memorandum of Contentions of Fact and Law.  The list shall include the information

5   required by Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure.  The list shall

6   also include an appropriate identification of each document or exhibit which the

7   party expects to offer for impeachment purposes and those which the party may

8   offer if the need arises.  The list shall be substantially in the form indicated by the

9   following example:

10

11   Case Title: _____    Case No.: _____

12   Exhibit No.        Description        Date Identified        Date Admitted

13

14   Counsel shall meet and confer and stipulate to authenticity and other foundational

15   objections.  Exhibits shall be placed in binders with each exhibit properly marked

16   and tabbed.

17   i.    Pretrial Exhibit Stipulation:  In addition to the Joint Exhibit List, the parties

18   shall prepare a Pretrial Exhibit Stipulation which shall contain each party's

19   numbered list of all trial exhibits, with objections, if any, to each exhibit

20   including the basis of the objection and the offering party's response.  All

21   exhibits to which there is no objection shall be deemed admitted. All parties

22   shall stipulate to the authenticity of exhibits whenever possible, and the

23   Pretrial Exhibit Stipulation shall identify any exhibits whose authenticity has

24   not been stipulated to and the specific reasons for the parties' failure to

25   stipulate.  The Stipulation shall be substantially in the following form:

26   Plaintiff's Exhibits

27   Number:      Description:  If Objection, State Grounds:    Response to Objection:

28

1 | *Defendant's Exhibits*

2 | *Number:      Description:   If Objection, State Grounds:   Response to Objection:*

3 |

4 |         The Pretrial Exhibit Stipulation shall be filed at the same time counsel lodge

5 | the PTCO.  Failure to comply with this paragraph shall constitute a waiver of all

6 | objections.

7 | (4)   <u>Jury Instructions, Verdict Forms and Special Interrogatories</u>: At the PTC, counsel

8 |       shall submit the text of each Jury Instruction in two sets.

9 |       i.    Set one shall be instructions that all parties agree should be submitted to the

10 |            jury.  Set one will include general and substantive instructions, a verdict form

11 |            and, if necessary, special interrogatories.  "Substantive jury instructions"

12 |            means all instructions relating to the elements of all claims and defenses in

13 |            the case.  The parties should also submit standard and general instructions.

14 |       ii.   Set two shall be instructions that are objected to.  Proposed Special Verdict

15 |            Forms are to be included.  This second set shall include a joint statement

16 |            regarding the disputed instructions, verdicts and interrogatories.  In the joint

17 |            statement, the parties shall place the text of the disputed instruction (or

18 |            verdict or interrogatory) with an identification of the party proposing it and

19 |            following that text they shall place the opposing party's statement of

20 |            objections, along with legal authority in support of the objections (not to

21 |            exceed one page) and proposed alternative language where appropriate.

22 |            The entirety of the objection shall be typed in capital letters.

23 |       iii.  A table of contents shall be included with all jury instructions submitted to the

24 |            court.  The table of contents shall set forth the following:

25 |            (a)   The number of the instruction;

26 |            (b)   A brief title of the instruction;

27 |            (c)   The source of the instruction; and

28 |            (d)   The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| (1) | (Burden of Proof) | (cite) | (5) |

SCANNED

    iv.   The court prefers counsel to use the instructions from the Manual of Model Jury Instructions for the Ninth Circuit (West 2001) where applicable. Where California law is to be applied and the above instructions are not applicable, the court requires counsel to use the State of California Judicial Council Approved Civil Jury Instructions.

    v.   Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

    vi.   Jury instructions shall not address any issues previously ruled on and disposed by the court.

(5)   Joint Statement of the Case and *Voir Dire*: At the PTC, the parties shall also file their Joint Statement of the Case which the court shall read to all prospective jurors prior to the commencement of *voir dire*. The statement shall not exceed one page.

The court conducts *voir dire* of all prospective jurors. On the same date that the parties file their Joint Statement of the Case, each party shall file its separate proposed *voir dire* questions. The parties need not submit requests for standard *voir dire* questions, such as education, current occupation, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

(6)   Motions *in Limine* Shall Be Heard the First Day of Trial and must Conform to the Local Rules and the Following Format:

    i.   The parties shall file motions *in limine* at the filing window (Clerk's Office, Room G-19) thirty-five (35) days before the trial date. The objections shall be filed seven (7) days thereafter. The replies, if any, shall be filed seven (7)

days after the filing of the objections.  In addition, five (5) court days before the Pretrial Conference, each party shall deliver to chambers a three-ring binder of its motion(s) *in limine*, together with the objections and replies. For example:  Plaintiff's Motion *in Limine* No. 1, Defendant's Opposition to Plaintiff's Motion *in Limine* No. 1 and Plaintiff's Reply (if any) in Support of Its Motion *in Limine* No. 1; Plaintiff's Motion *in Limine* No. 2, Defendant's Opposition to Plaintiff's Motion *in Limine* No. 2 and Plaintiff's Reply (if any) in Support of Its Motion *in Limine* No. 2.

ii.    If any of the issues addressed in said motions were raised in prior proceedings, counsel are to identify, in sufficient detail, the proceedings and relevant pleadings.

iii.    The binders must be clearly marked as to their content, *e.g.*, Plaintiff's or Defendant's Motions *in Limine* Nos. 1-9, Plaintiff's or Defendant's Motions *in Limine* Nos. 10-15, etc., and each motion must be separated by marked dividers, identifying the particular motion.  The spine of each binder shall also include the case name and number as well as the content of the binder.

iv.    Motion *in Limine* binders should <u>only contain the points of law</u>, no declarations.

v.    Points and authorities, including motions *in limine*, shall not exceed ten (10) pages.

vi.    Opposition to points and authorities shall not exceed ten (10) pages.

vii.    Replies to points and authorities shall not exceed five (5) pages.

viii.    In lodging deposition transcripts, counsel shall stipulate to the authenticity of the transcripts and copies can be lodged.  No duplicates of depositions shall be lodged.

ix.    Deposition transcripts not being used during the trial shall not be lodged.

(7)    <u>Consequence of Non-Compliance</u>.  If counsel fail to file the required pretrial documents or fail to appear at the PTC and such failure is not otherwise

18

1  satisfactorily explained to the court: (1) the cause shall stand dismissed for failure

2  to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment

3  shall be entered if such failure occurs on the part of the defendant; or (c) the court

4  may take such action as it deems appropriate.

5  **C.    Bench Trial:**

6  (1)    <u>Findings of Fact and Conclusions of Law</u>: For a non-jury trial, the parties shall lodge

7         their proposed findings of fact and conclusions of law not later than five (5) days

8         before trial.  The parties shall deliver to chambers a copy of these findings on disk

9         in WordPerfect format.  Refer to Local Rule 52-1.

10  (2)    <u>Narrative Statements</u>:    The judge may order that the direct testimony of a

11         witness be presented by written narrative statement subject to the witness's

12         cross-examination at the trial.  Such written, direct testimony shall be adopted by

13         the witness orally in open court, unless such requirement is waived.  Refer to Local

14         Rule 43-1.

15      Counsel are advised that failure to conform with this Initial Standing Order may be deemed

16  a waiver of trial by jury and/or may result in sanctions.  If any item regarding pretrial or trial is not

17  specifically addressed in this order, the Local Rules and Federal Rules of Civil Procedure shall

18  be observed.

19      The court thanks counsel and the parties for their anticipated cooperation.

20

21  DATED:    7/12/06

22

23                                        S. JAMES OTERO
                                          UNITED STATES DISTRICT JUDGE
24

25

26

27

28